IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HECTOR DEMONTALVO,**
**D.O.C. # P55925,**

  *Plaintiff*,

v.          Case No.: 4:23cv475-MW/MAF

**RICKY DIXON, et al.,**

  *Defendants*.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 50, and has also reviewed *de novo* Plaintiff's objections, ECF No. 55. As noted in the report and recommendation, Plaintiff has affirmatively abandoned her official-capacity claims and claims for injunctive relief. ECF No. 50 at 4. Accordingly, those claims are **DISMISSED without prejudice.** Plaintiff has likewise abandoned any claim for punitive damages. *Id*.

The only remaining claims raise violations of Plaintiff's Eighth and Fourteenth Amendment rights and a conspiracy to deny treatment for gender dysphoria based on the application of FDOC Procedure Number 403.012 to Plaintiff. Plaintiff seeks nominal damages and the cost of litigation against Defendants in their individual capacities with respect to these remaining claims. Notwithstanding

Plaintiff's objections, this Court agrees with the Magistrate Judge's conclusion that, Plaintiff's remaining claims are due to be dismissed.

With respect to Plaintiff's objections, Plaintiff first notes that FDOC policy has changed since she was assessed for gender dysphoria, and now "FDC has done away with the program entirely and provides no accommodations to inmate[s]." ECF No. 55 at 1. But Plaintiff has not challenged this new policy, nor has she sought to amend her complaint for any action taken against her in reliance on this new policy.

Plaintiff also disagrees with the Magistrate Judge's reading of the policy she is challenging—namely, FDOC Procedure Number 403.12, effective November 13, 2019. *Id*. Plaintiff continues to argue that this policy does not authorize the Gender Dysphoria Review Team (GDRT) "to grant or deny a diagnosis," but instead authorizes the GDRT "only to review recommendations for the treatment and management of inmates diagnosed with [gender dysphoria]." ECF No. 55 at 1. But this Court has also reviewed the policy at issue, ECF No. 32-1, and agrees with the Magistrate Judge's conclusion regarding the plain language of the policy.

The policy, itself, states that "A transgender inmate *may or may not qualify for a diagnosis* of Gender Dysphoria depending on her/his level of distress or impairment." *Id*. at 2–3 (emphasis added). In addition, under the challenged policy, "*[a]ll initial diagnoses of Gender Dysphoria will be provisional* until a comprehensive assessment can be completed by a psychologist credentialed to

2

diagnose and treat Gender Dysphoria *and the results are reviewed by the GDRT*." *Id*. at 3 (emphasis added). Ultimately, following assessment and review, the GDRT enters a "disposition" regarding the "Psychological Evaluation for Gender Dysphoria," DC4-643E. *Id*. at 6. The policy further provides under the section titled "Gender Dysphoria Review Team Dispositions" that "*[f]or those inmates receiving a formal diagnosis* of Gender Dysphoria, further facility and housing assignment shall be made on a case by case basis with inmates being placed at one of the designated treatment facilities for Gender Dysphoria." *Id*. at 7 (emphasis added). In other words, upon disposition by the GDRT, some inmates may receive a "formal diagnosis," while others may not. This Court is not persuaded by Plaintiff's reading of the policy as only authorizing the GDRT to assess the severity of diagnoses when the policy itself contemplates final disposition regarding provisional diagnoses resulting in either formal diagnoses or something else—i.e., no diagnosis.

Finally, as to Plaintiff's equal protection claim, Plaintiff asserts that because the FDOC's gender dysphoria program "has been defunded and there are no longer any accommodations," she has demonstrated an equal protection violation. ECF No. 55 at 1. In addition, although Plaintiff alleged in her complaint that inmates assessed in 2018-2019 were subject to a lower standard to obtain a diagnosis for gender dysphoria than Plaintiff, ECF No. 10 at 11, she now points to additional facts to support her equal protection claim, including that 90% of inmates were "accepted"

3

in the gender dysphoria program in 2019-2020 as opposed to 5% in 2023, and that she would have been approved had she been evaluated at Dade CI. But, again, Plaintiff has not sought leave to amend to add any allegations about the new policy that Plaintiff refers to, nor can she amend her complaint by raising new allegations in her objections.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 50, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion, with the exception of the recommendation that this case be dismissed with prejudice. This Court cannot say, as a matter of law, that any amendment would be futile given the sparse factual allegations included in the operative complaint. Defendants' motions to dismiss, ECF Nos. 32 and 35, are **GRANTED**. The Clerk shall enter judgment stating, "Plaintiff's second amended complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted." Over Plaintiff's objection, this dismissal counts as a "strike" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915(g). The Clerk shall close the file.

**SO ORDERED on December 11, 2024.**

s/Mark E. Walker                     
**Chief United States District Judge**